IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMES SMART,**<br><br>    Plaintiff,<br><br>vs.<br><br>**DEKALB COUNTY, GEORGIA**<br><br>    Defendant.<br>_____ | **CIVIL ACTION FILE NO.**<br><br>1:16-CV-0826-WSD-JFK |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DR. POLLY HENDERSON, M.D. FILED AS AN EXHIBIT TO PLAINTFF'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** Defendant DeKalb County, Georgia (hereinafter "Defendant") and files this Brief in Support of its Motion to Strike Portions of the Affidavit of Dr. Polly Henderson, showing the Court as follows:

I.      Introduction

On May 5, 2017, Plaintiff filed the Affidavit of Dr. Polly Henderson, M.D. (hereinafter "Henderson Affidavit") in support of his Motion for Summary Judgment. Portions of the testimony included in the Henderson Affidavit should be excluded because the testimony constitutes undisclosed expert testimony improperly introduced as opinion testimony in violation of Federal Rules of Evidence 701 and 702. During discovery, Plaintiff did not identify Dr. Polly

Henderson as an expert witness in accordance with Federal Rule of Civil Procedure 26(a)(2) or Local Rule 26.2(C) and therefore her expert opinions and expert testimony are not admissible in evidence and should be excluded. Dr. Polly Henderson was identified only as a fact witness. (Doc. 37-2).

Specifically, the Henderson Affidavit contains the following statements that are based on specialized knowledge within the scope of Rule 702:

- Portion of ¶6: *When I wrote "limited range of vision" I meant that his range of vision was limited in comparison to an average person with normal healthy vision. Using somewhat different wording, it was also true that Mr. Smart had a "limited range of vision" as compared to most people in the general population.*

- ¶7. *This limitation on Mr. Smart's range of vision and damage to his optic nerve in March 2015 was substantial, as compared to a normal healthy eye and as compared to an average person in the general population, and required medical treatment.*

- Portion of ¶8. *It is this damage to the optic nerve (and related tissue) that causes the loss of Mr. Smart's range or field of vision. This damage to Mr. Smart's optic nerve was substantial as compared to most people in the*

> *general population. This substantial damage to his optic nerve was present in March 2015.*

(Hereinafter referred to as "cited portions").

II.  <u>Argument and Citation of Authority</u>

<u>Plaintiff improperly seeks to admit undisclosed expert testimony in violation of Federal Rules of Evidence 701 and 702, Federal Rule of Civil Procedure 26(a)(2) and Rule 26.2(C) of the Local Rules of the United States District Court of the Northern District of Georgia</u>

The cited portions of the Henderson Affidavit constitute inadmissible, undisclosed expert testimony.  Rule 701 of the Rules of Federal Procedure, related to opinion testimony of lay witnesses, provides the following:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) *not based on scientific, technical or other specialized knowledge within the scope of Rule 702.*

Fed. R. Evid. 701. (emphasis added).

The cited portions of the Henderson Affidavit are based on other specialized knowledge within the scope of Rule 702.  Rule 702 of the Federal Rules of Evidence, related to testimony by expert witnesses, provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is

based on sufficient facts or date; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Henderson's testimony in the cited portions of the Affidavit relies upon specialized knowledge based upon her training and education as an Ophthalmologist that falls outside of the parameters of Rule 701.  A lay person would not be able to provide testimony related to whether glaucoma and damage to the optic nerve were substantial compared to a normal healthy eye and the average person in the general population.

Plaintiff did not disclose Dr. Henderson as an expert in accordance with Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(a)(2) requires the following: "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  Additionally, Rule 26.2(C) of the Local Rules of the United States District Court of the Northern District of Georgia also provides, in pertinent part, the following:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery. **Any**

> **party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

LR 26.2(C) (emphasis added).

Plaintiff did not identify Dr. Polly Henderson as expert in accordance with Local Rule 26.2. In fact, Plaintiff explicitly identified Dr. Henderson as a fact witness. (Plaintiff's Amended Disclosures, Attachment B, Doc. 37-2). To date, Plaintiff has not identified Dr. Henderson as an expert witness. In this circuit, if a party fails to identify an expert witness during discovery, the district court may exclude that expert's affidavit and prohibit that witness from testifying at trial. Tishcorn Corp. v. Soundview Comm., 2005 WL 6038743, *10, 1:04-CV-524-JEC (N.D. Ga. Feb. 15, 2005) (citing to Hancock v. Hobbs, 967 F.2d 462, 468 (11th Cir. 1992). There is no basis upon which to find that Plaintiff's failure to comply with Local Rule 26.2 was justified and the cited portions of the Henderson Affidavit should be stricken and excluded from the evidence. See Tishcorn Corp. v. Soundview Comm., 2005 WL 6038743, *10-11, 1:04-CV-524-JEC (N.D. Ga. Feb. 15, 2005) (while not deciding dispositively because the court had already ruled that affidavits of individuals would be excluded as untimely, the court states that it appears the testimony of two individuals who had not been identified in

accordance with Local Rule 26.2C would not be admissible in a motion for summary judgment or at trial).

Finally, Federal Rule of Civil Procedure 56(c)(4) provides that "affidavits or declarations used to support or oppose a motion must… set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4).  As discussed above, because Dr. Henderson was not properly identified as an expert, her expert opinions are not admissible in evidence, unless expressly authorized by the Court.

III.   Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Strike Portions of the Affidavit of Dr. Polly Henderson, M.D.

Respectfully submitted this 2nd day of June 2017.

                                              */s/ Nicole Ware Aigner*
                                              NICOLE W. AIGNER
                                              Assistant County Attorney
                                              Georgia Bar No. 268564
                                              JERMAINE A. WALKER
                                              Senior Assistant County Attorney
                                              Georgia Bar No. 142044
                                              Attorneys for Defendant

DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
Phone: (404) 371-3020
Email: nwaigner@dekalbcountyga.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**JAMES SMART,**

  Plaintiff,

vs.

**DEKALB COUNTY, GEORGIA**

  Defendant.

_____

**CIVIL ACTION FILE NO.**

1:16-CV-0826-WSD-JFK

## CERTIFICATE OF SERVICE

I certify that on June 2, 2017, I electronically filed **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DR. POLLY HENDERSON, M.D. FILED AS AN EXHIBIT TO PLAINTFF'S MOTION FOR SUMMARY JUDGMENT** with the Court using the CM/ECF system, which will automatically send e-mail notification of this filing to Plaintiff's attorney of record:

      Carl L. Sollee, Esq.
      1376 Sheffield Drive, NE
      Atlanta, Ga  30329

This is to further certify that the foregoing document was prepared using 14 point Times New Roman font.

This 2nd day of June 2017.

-2-

*/s/ Nicole Ware Aigner*
Nicole Ware Aigner
ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 268564

-2-